UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA


| | |
|---|---|
| RICHARD | CIVIL ACTION |
| VERSUS | NO: 09-195 |
| LOUISIANA INDUSTRIES FOR THE DISABLED | SECTION: "J" (1) |

**ORDER AND REASONS**

Before the Court is Defendant Louisiana Industries for the Disabled 's **Motion for Summary Judgment (Rec. Doc. 33)** and supporting memoranda. Plaintiff *pro se* Conrad Richard ("Richard") filed an **Opposition (Rec. Doc. 37)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

Plaintiff, an African-American male who was 48 years old at the time of filing, was employed by Defendant, a private non-profit organization with programs designed to benefit disabled persons. Plaintiff began employment with Defendant on March 27, 2007 as a part-time hourly floor man performing janitorial duties. His duties were at the Russell B. Long Federal Courthouse. Plaintiff received two disciplinary warnings. The

1

first one pertained to time discrepancies, with Plaintiff claiming to have worked longer hours than he actually worked. The second warning was issued because Plaintiff "created a scene" after his supervisor attempted to correct his glass cleaning technique (Rec. Doc. 33). Plaintiff became argumentative and would not accept his supervisor's correction. Plaintiff was then warned of a possibility of a suspension.

In July, 2007, Plaintiff wrote to Senator Vitter, claiming his supervisor was writing him up and forcing him to do all the work in the federal court building for personal reasons. Plaintiff further complained that he thought it was unfair. Senator Vitter's office advised Plaintiff that Vitter had no jurisdiction over Plaintiff's issue. Because Plaintiff did not get along with his supervisor, Plaintiff was transferred to another site. In November 2007, Defendant lost its contract at the site where Plaintiff was then employed, which caused all but two employees assigned to that site to lose their jobs. Then Plaintiff continued to work for Defendant on an "as needed" basis because there were no part-time or full-time positions available. In early 2008, Plaintiff advised he could no longer work for Defendant because of a conflict.

Plaintiff filed his complaint in the Middle District of

Louisiana on April 4, 2009 alleging employment discrimination by
Defendant and asserting violations of Title VII of the Civil
Rights Act, the American with Disabilities Act ("ADA"), and the
Age Discrimination in Employment Act ("ADEA") (Rec. Doc. 1).
However, due to the fact that the incidents complained of by
Plaintiff arose out of his employment at the location of the
Federal District Court for the Middle District of Louisiana, the
district judges on that court, as well as the magistrate judges,
recused themselves from this matter (Rec. Docs. 7 and 8).
Subsequently, this case was reassigned here.  This Court denied
Plaintiff's Motion to Appoint Counsel, but granted his Motion to
Proceed in Forma Pauperis. Apparently, Defendants offered to
settle the instant matter but Plaintiff refused to accept the
offer (Rec. Docs. 11 and 13).

On January 4, 2010, this Court granted in part and denied in
part Defendant's Motion to Dismiss Plaintiff's claims under the
ADA and ADEA (Rec. Doc. 19). The Court dismissed Plaintiff's
claims for age and disability discrimination for failure to
exhaust administrative remedies. Thus, the only remaining claims
are those for race discrimination in connection with the alleged
one-time racial comment and for retaliation in connection with
Plaintiff's complaint to Senator Vitter. The instant Motion for

Summary Judgment seeks dismissal of the remaining claims.

**THE PARTIES' ARGUMENTS:**

Defendant contends that, even if Plaintiff can prove that his supervisor made the alleged one-time racial comment, which is denied, such comment is not sufficiently severe and pervasive as to create a hostile work environment. Thus, Defendant argues that Plaintiff cannot make a *prima facie* showing of a hostile work environment. Further, according to Defendant, Plaintiff cannot sustain his burden of proving retaliation. Plaintiff was not engaged in an activity protected by Title VII when he filed the report with Senator Vitter. Moreover, Defendant terminated Plaintiff after it lost the contract at the site where Plaintiff was working, which is a legitimate, non-discriminatory reason for his termination.

In his response, Plaintiff explains that he filed a claim with the Louisiana Commission on Human Rights. Plaintiff attaches various documents unrelated to this cause of action, such as his pending claim with the Office for Workers' Compensation.

**DISCUSSION:**

**A. Summary Judgment Standard**

Summary judgment is appropriate when "the pleadings, the

discovery and disclosure materials on file, and any affidavits
show that there is no genuine issue as to any material fact and
that the movant is entitled to judgment as a matter of law." Fed.
R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322-
23 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th
Cir. 1994). When assessing whether a dispute as to any material
fact exists, the Court considers "all of the evidence in the
record but refrains from making credibility determinations or
weighing the evidence." Delta & Pine Land Co. v. Nationwide
Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All
reasonable inferences are drawn in favor of the nonmoving party,
but a party cannot defeat summary judgment with conclusory
allegations or unsubstantiated assertions. Little, 37 F.3d at
1075. A court ultimately must be satisfied that "a reasonable
jury could not return a verdict for the nonmoving party." Delta,
530 F.3d 399.

If the dispositive issue is one on which the moving party
will bear the burden of proof at trial, the moving party "must
come forward with evidence which would 'entitle it to a directed
verdict if the evidence went uncontroverted at trial.'" Int'l
Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th
Cir. 1991) (citation omitted). The nonmoving party can then

defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

**B. The Racial Discrimination Claim**

Title VII provides, in relevant part, that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color..." 42 USC § 2000e-2(a). Title VII claims are reviewed

6

under the framework promulgated by <u>McDonnell Douglas Corp. v.</u> <u>Green</u>, 411 U.S. 792, 802 (1973), and its progeny. In order to show discriminatory treatment, Plaintiff must first present a *prima facie* case of discrimination by the preponderance of the evidence to establish that he (1) is a member of a protected class, (2) was qualified for his position, (3) suffered an adverse employment action, and (4) was replaced by someone outside of the protected class. <u>Id.</u>

Once a *prima facie* case has been established, Defendant then has the burden of articulating a "legitimate, nondiscriminatory reason" for the adverse employment action. <u>Auguster v. Vermilion</u> <u>Parish Sch. Bd.</u>, 249 F.3d 400, 402 (5th Cir. 2001). If Defendant carries this burden, Plaintiff must present evidence which proves "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." <u>Texas Dep't of Community Affairs v.</u> <u>Burdine,</u> 450 U.S. 248, 253 (1981) (citation omitted). In this regard, Plaintiff need not prove the falsity of the proffered reasons but rather only demonstrate that Defendant's "explanation is unworthy of credence." <u>Reeves v. Sanderson Plumbing Products,</u> <u>Inc.,</u> 530 U.S. 133, 143 (2000) (citation omitted). "If Plaintiff can show that the proffered explanation is merely pretextual,

7

that showing, when coupled with the *prima facie* case, will usually be sufficient to survive summary judgment." <u>Auguster</u>, 249 F.3d at 402.

Having reviewed the evidence, the Court concludes that Defendant is entitled to summary judgment on the issue of racial discrimination because Plaintiff cannot establish a *prima facie* case of such discrimination. To prevail, Plaintiff would have to show that, after the alleged adverse action, he was replaced by someone outside of the protected group. Defendant's evidence shows that it was forced to terminate most of its employees, having lost its contract with the site, to which Plaintiff was assigned. Plaintiff was not replaced by anyone. In fact, Defendant offered Plaintiff assignments on an as needed basis. Thus, Defendant has met its burden in showing that Plaintiff's evidence insufficient with respect to an essential element of his discrimination claim.

## C. The Title VII Hostile Work Environment Claim

In analyzing claims alleging a racially hostile working environment, courts must consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work

performance." <u>Ramsey v. Henderson</u>, 286 F.3d 264, 268 (5th Cir.2002) (citation omitted). Only when the workplace is "permeated with 'discriminatory intimidation, ridicule and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 116 (2002) (citing <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 21 (1993)). Conduct "that is not severe or pervasive enough to create an objective hostile or abusive work environment–an environment that a reasonable person would find hostile or abusive–is beyond Title VII's purview." <u>Harris</u>, 510 U.S. at 21. Thus, the "utterance of an ethnic or racial epithet which engenders offensive feelings in an employee would not sufficiently alter terms and conditions of employment to violate Title VII." <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 787 (1998).

In the instant case, Plaintiff's sole basis for a hostile work environment claim is a one-time racial comment by his supervisor. The supervisor allegedly told Plaintiff, "As a black person you handle yourself inadequately" (Rec. Doc. 33, at 6). This utterance cannot, by itself, support a Title VII hostile work environment claim. Accordingly, Defendant is entitled to

summary judgment on the hostile work environment claim.

**D. The Title VII  Retaliation Claim**

Plaintiff claims that Defendant retaliated against him in violation of the statute after his complaint to Senator Vitter on July 6, 2007. Title VII makes it unlawful for an employer to discriminate against any of his employee because such employee has "opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of illegal retaliation, Plaintiff must show that (1) he engaged in protected activity; (2) he was subject to an adverse employment action; and (3) a causal connection existed between the protected activity and the employment action. Garza v. Laredo Independent School Dist., No. 08-40387, 309 Fed.Appx. 806, 810 (5th Cir. Jan. 30, 2009).

Even assuming that the letter to Senator Vitter stating that Plaintiff's situation is "unfair" is activity protected by Title VII, Plaintiff cannot establish a *prima facie* case of illegal retaliation because he cannot demonstrate the requisite causal

link between the letter and his termination.   "The ultimate determination in an unlawful retaliation case is whether the conduct protected by Title VII was a 'but for' cause of the adverse employment decision." <u>McDaniel v. Temple Indep. Sch. Dist.</u>, 770 F.2d 1340, 1346 (5th Cir.1985). Even if a plaintiff's protected conduct is a substantial element in a defendant's decision to terminate an employee, no liability for unlawful retaliation arises if the employee would have been terminated even in the absence of the protected conduct. <u>Jack v. Texaco Research Ctr.</u>, 743 F.2d 1129, 1131 (5th Cir. 1984). Defendant put forth evidence that Plaintiff was laid off due to a site closure. Plaintiff has not offered any evidence to show causation for his retaliation claim, which makes summary judgment appropriate.

For the foregoing reasons, **IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 33)** is **GRANTED**, dismissing Plaintiff's remaining claims.

New Orleans, Louisiana this 27th day of September, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE